IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| JOHN A. DELAGARZA | § | |
| VS. | § | CIVIL ACTION NO. 5:07cv100 |
| DIRECTOR, TDCJ-CID | § | |

### MEMORANDUM ORDER OVERRULING PETITIONER'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner John A. Delagarza, an inmate confined at the Telford Unit, proceeding *pro se*, brought this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The court referred this matter to the Honorable Earl S. Hines, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The Magistrate Judge recommends the petition be denied.

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the record, pleadings and all available evidence. Petitioner filed objections to the magistrate judge's Report and Recommendation. This requires a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b).

After careful consideration, the court concludes petitioner's objections should be overruled. In reviewing prison administrative actions, federal courts cannot retry every prison disciplinary case, rather the courts may only act where arbitrary and capricious action is shown. *See Reeves v. Pettcox*, 19 F.3d 1060, 1062 (5th Cir. 1994); *Smith v. Rabalais*, 659 F.2d 539, 545 (5th Cir. 1981), *cert. denied*, 455 U.S. 992 (1982). "Prison disciplinary proceedings are overturned only where no

evidence in the record supports the decision." *Broussard v. Johnson*, 253 F.3d 874, 877 (5th Cir. 2001). "Determining the believability of the testimonies presented at the hearing is left to the discretion of the hearing officer." *Hudson v. Johnson*, 252 F.3d 534, 537 (5th Cir. 2001). The information provided in a written incident report standing alone can satisfy the "some evidence" standard. *Id*. at 536-537.

In this case, there is sufficient evidence to support the guilty finding. Petitioner does not deny that contraband was found in the cell which petitioner shared with inmate Jones. Petitioner argues only that the contraband was not his, relying on his cell mate's assertion of ownership of the contraband. Petitioner, however, had constructive possession of the contraband along with his cell mate. While constructive possession may provide insufficient proof of ownership to satisfy the "some evidence" standard where the contraband at issue was accessible to 100 inmates, *see Broussard v. Johnson*, 253 F.3d 874, 877 (5th Cir. 2001), it provides sufficient evidence of guilt when relatively few inmates have access to the area. *McClung v. Hollingsworth,* 2007 WL 1225946, at *3 (4th Cir. April 26, 2007); *Santiago v. Nash*, 224 Fed. Appx. 175, 177 (3d Cir. Mar. 23, 2007); *Hamilton v. O'Leary*, 976 F.2d 341, 346 (7th Cir. 1992) (constructive possession rule would provide some evidence if inmate was one of four with access). Although petitioner argues he had no knowledge of the contraband, the hearing officer made a credibility determination against petitioner. Therefore, this court must uphold the hearing officer's guilt determination because there was some evidence to support his finding.

## O R D E R

Accordingly, Petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct and the report of the magistrate judge is

**ADOPTED**.  A final judgment will be entered in this case in accordance with the magistrate judge's recommendations.

**SIGNED this 17th day of January, 2008.**

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE